ANNA NEWTON, Appellant, v. LUCINDA SPENCER et al., Respondents.

*Appeal from Benton County.*

DONATION LAW.—HEIRS OF SETTLERS.—The heirs of those settlers who died prior to Sept. 27, 1850, cannot, under the donation act, inherit by virtue of the residence and cultivation of their ancestors.

THE facts are stated in the opinion.

*John Burnett, W. W. Thayer* and *R. S. Strahan,* for the appellants.

*Williams & Willis, Jas. F. Watson* and *L. F. Lane,* for the respondents.

BOISE, J. The complaint in this case alleges that the plaintiffs are the heirs-at-law of Hiram and Nancy Allen, deceased. That Hiram and Nancy Allen were married about the year 1838; that in 1847 they settled on said land under the laws of the late provisional government of Oregon; and from that time continued to reside thereon until January, 1849, when said Nancy Allen died; that said Hiram Allen continued to reside on the land with these plaintiffs, who were then minors, until 1863, when he made proofs in the name of Nancy Allen, his deceased wife, and her children (the plaintiffs), of residence and cultivation under the donation law, and then alleges that through fraud, the said patent was afterwards issued to said Hiram Allen and Lucinda Spencer, who married said Hiram in July, 1850, and was his wife at the time of the passage of the donation law and until after the year 1853; and during the whole period, during which the residence and cultivation was completed on said land after the passage of said donation law. And plaintiffs ask to have said patent set aside so far as the same conveys a title to said Lucinda Spencer, and that the court decree to the plaintiffs the full possession and control of said premises.

To this complaint the defendants demur on the ground that the court has not jurisdiction of this suit; and that the complaint does not state facts sufficient to constitute a cause of action.

The principal question discussed in the argument was, as to the capacity of the heirs of a person who died prior to the passage of the donation law (Sept. 27, 1850), and who died on the land, claiming it under the late provisional government, to hold the land by virtue of the ancestors residence. The language of the fourth section of the donation law (under which the plaintiffs claim) is, that there shall be and hereby is granted to every white settler or occupant of the public lands, etc., "now residing in said territory, or who shall become resident thereof, etc." "Now residing," means, living in said territory. It cannot be said that a person who is dead is residing. The grant was to persons in being, and in case they die before their title has become complete under this law, it provides how the survivor of married persons, one of whom is deceased, and the heirs of such persons may perfect the title of the deceased married person, or ancestor, so as to perfect the title in themselves. But there is nothing in the law which provides for perfecting the title in the heirs of persons who died prior to the 27th of September, 1850, and claiming the land under the laws of the late provisional government of Oregon.

All there is in the act touching this subject, is the provision in the said 4th section: "And in all cases where such married persons have complied with the provisions of this act, so as to entitle them to a grant, as above provided, whether under the late provisional government or since, and either shall have died before patent issues." The words, "shall have died before patent issues," refer to that period of time which may intervene between the completion of the four years' residence and cultivation, ere the time of the issuing of the patent; and being a reference to the future, must have referred to a time subsequent to the passage of the donation law, in which the language was

written. I think the words, "whether under the late provisional government of Oregon, or since," have reference to residence and cultivation, under the laws of that government, and were inserted to enable the settler who had been on his claim under that government, to count the time of such occupation as a part of the four years continued residence, required to perfect his grant. Without this provision, the old settler, who was on his claim at the passage of this law, would have had to commence his time of residence after the 27th of September, 1850; and I do not think it intended to revive the claims of dead persons, who were once claiming the land without the authority of the United States; for, all the laws of the provisional government relative to the disposal of the lands were void, and could only have vitality by direct act of congress.

This question was before the court in the case of *Ford* v. *Kennedy*, where it was held that the heirs of settlers, in Oregon, who died prior to September 27th, 1850, cannot inherit by virtue of the residence and cultivation of their ancestors. (1 Oregon, 166.)

Judgment affirmed.